# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

SCOTT MYERS,

                              Plaintiff,

                                                 5:16-CV-107
        v.                                        (BKS/ATB)

CARRIE ANNE CAVALLO,

                              Defendant.

SCOTT MYERS, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the Court a civil rights complaint filed by pro se plaintiff Scott Myers. (Dkt. No. 1) Plaintiff Myers has also filed an application to proceed in forma pauperis ("IFP"). (Dkt. No. 2). For the following reasons, this court will conditionally grant plaintiff's IFP application, but will recommend dismissal of the complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.    IFP Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). Plaintiff has properly completed the appropriate forms and has filed the required "Inmate Authorization Form." (Dkt. No. 3). The court finds for purposes of this recommendation, that plaintiff meets the financial criteria for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in

the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. **Complaint**

In his complaint, plaintiff alleges that defendant Carrie Anne Cavallo, Esq., who practices law in the Southern District of New York,[1] asked plaintiff to sign a Health Insurance Portability and Accountability Act ("HIPAA") release for his medical records which were kept at Mid-State Correctional Facility. (Complaint "Compl." at ¶ 6) (Dkt. No. 1). When plaintiff refused to provide the release and sent the forms back to Attorney Cavallo in July of 2015, she applied for a subpoena which was signed by "Judge Fasone" and served on the officials at Mid-State.[2] (*Id.*) Plaintiff alleges that Attorney Cavallo violated HIPAA by obtaining a judicial subpoena for the plaintiff's medical records. (Compl. ¶ 7 - First Cause of Action).

Plaintiff also claims that after his "Notice of Motion to Quash," Attorney Cavallo had her secretary call Mid-State Correctional Facility to request that plaintiff be prevented from corresponding with Attorney Cavallo's office. Plaintiff claims that this action violated "the law" and constituted obstruction of justice. (Compl. ¶ 7 - Second Cause of Action). Finally, plaintiff alleges that after receiving copies of plaintiff's

---

[1] According to plaintiff, Attorney Cavallo represents his ex-wife in Kings County Family Court actions in which she and plaintiff are opposing parties. (Compl. ¶ 6 - Facts). Although venue would be proper in the Southern District of New York because defendant apparently resides there, the court notes that the subpoena in question was served and the documents released at Mid-State Correctional Facility in the Northern District of New York. Plaintiff's second two causes of action also appear to have occurred in the Northern District of New York. It is arguable that venue would be proper in the Northern District of New York pursuant to the general venue statute 28 U.S.C. § 1391(b)(2) which provides, inter alia, that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." Thus, for purposes of this Order and Report-Recommendation, the court will assume that venue is proper in this district.

[2] Although it is unclear from the complaint, the court will assume that the documents were released pursuant to the subpoena.

3

"Motion Practice," Ms. Cavallo sent them back to the facility with a cover-letter, and plaintiff was "punished with solitary confinement." (Compl. ¶ 7 - Third Cause of Action). Plaintiff has attached a number of exhibits to his complaint in explanation and in support of his claims. (Dkt. No. 1-1).

Plaintiff seeks substantial monetary relief and requests that this case be "prosecuted" separately from another case that he has pending in the Northern District of New York (*Myers v. Annucci*, 9:15-CV-46 (GLS/DEP).[3] Plaintiff also requests that, if possible, Attorney Cavallo's license to practice law be suspended.[4] (Compl. ¶ 8 - Prayer for Relief).

## III. Color of State Law

### A. Legal Standards

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for

---

[3] The court notes that *Myers v. Annucci*, 9:15-CV-46 (GLS/DEP) has been dismissed and is currently on appeal in the Second Circuit. (Dkt. Nos. 27, 31, 38).

[4] One of plaintiff's exhibits is a letter that he wrote to the Chief Counsel of the Second Department Grievance Committee, requesting that Attorney Cavallo be disbarred for the conduct alleged in this complaint. (Dkt. No. 1-1 at CM/ECF p.8-11). A copy of this letter was sent to various individuals, including Hon. Jeffery S. Sunshine, Supervising Judge Kings County; Hon. A. Gail Prudenti, Chief Administrative Judge OCA; Support Magistrate in Kings County, Hon. John N, Fasone; Hon. Gary L. Sharpe (then-Chief Judge NDNY); and Mr. Charles J. Quackenbush, Associate Counsel for the Department of Corrections and Community Supervision ("DOCCS"). (*Id.*) In this letter, plaintiff again discusses the events of "9/11" and how they led to his separation from his wife and her alleged mental illness. Plaintiff has been basing his many and varied law suits upon the circumstances surrounding 9/11 and plaintiff's subsequent move to the Northern District of New York. The court notes that plaintiff's complaint was transferred to the Grievance Committee for the First Department on November 6, 2015. (Dkt. No. 1-1 at CM/ECF p.13). The court also notes that plaintiff has already filed the transfer letter from the Second Department to the First Department in 9:15-CV-46. The Civil Action number of plaintiff's prior action appears at the top of the exhibit in his current action. (*Id.*) Plaintiff has also been informed that due to the large number of complaints, "it may take some time for our office to forward further information to you about the status of your complaint." (Dkt. No. 1-1 at CM/ECF p.14).

jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S. C. § 1331. Plaintiff filed this complaint on a form reserved for civil rights actions under 42 U.S.C. § 1983. Plaintiff is well-aware that to state a claim under section 1983, the plaintiff must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983.

A person acts under color of state law when he or she acts in his or her official capacity "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). The requirement that the defendant acted under "color of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200, 2008 WL 4758706, at *2 (W.D.N.Y. Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)). Private conduct is simply beyond the reach of section 1983 "'no matter how discriminatory or wrongful" that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam). The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted).

## B. Application

Plaintiff in this case sues Attorney Cavallo, who appears to be a private attorney, representing plaintiff's ex-wife in Family Court in Kings County. There is no indication that Attorney Cavallo acts under color of state law for purposes of section 1983. Whether counsel is a public defender or private counsel, he or she does not act under color of state law for purposes of section 1983. *See e.g. Contreras v. Perimenis*, No. 3:12-CV-1770, 2013 WL 4494315, at *1 (D. Conn. Aug. 20, 2013). Private attorneys do not act under color of state law simply because they possess a state-issued license to practice law. *Siminausky v. Starkowski*, No. 3:15-CV-159, 2016 WL 236208, at *8 (D. Conn. Jan. 20, 2016) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).

There is no allegation that Attorney Cavallo conspired with any state actor. The fact that she applied for a court-ordered subpoena when plaintiff failed to agree to sign a release does not convert her behavior into state action. Participation by a private party in litigation does not, without more, constitute state action. *Secard v. Wells Fargo Bank, N.A.*, No. 15-CV-499, 2015 WL 6442563, at *3 (E.D.N.Y. Sept. 9, 2015) (citing *Stevens v. Frick*, 372 F.2d 378, 381 (2d Cir. 1967)). *See also Kamasinski v. Rubin*, 764 F. Supp. 741, 743 (D. Conn. 1991) (use by a private party of the state court for litigation does not "clothe persons who use its judicial processes with the authority of the state" as contemplated under the § 1983 state action requirement) (citing *Stevens, supra*).

To the extent that plaintiff seems to claim that defendant Cavallo was responsible

for his disciplinary sanctions[5] as the result of improper use of his mail privileges or that she "obstructed justice" because she prevented him from mailing "motions" to her, Attorney Cavallo still does not act under color of state law. Thus, the entire complaint may be dismissed as against defendant Cavallo because she did not act under color of state law. Plaintiff's HIPAA claims may also be dismissed on the following alternative basis.

## IV. HIPAA

### A. Legal Standards

HIPAA requires *health care providers* to keep patient medical records confidential. *Rosado v. Herard*, No. 12 Civ. 8943, 2013 WL 6170631, at *3 (S.D.N.Y. Nov. 25, 2013) (Report-Rec.) (citing 42 U.S.C. § 1320 *et seq*.) However, courts have concluded "overwhelmingly" that a patient does not have a private right of action under HIPAA. *Id.* (citing *Mascetti v. Zozulin*, No. 3:09-CV-963, 2010 WL 1644572, at *4 (D.

---

[5] The court would point out that any disciplinary sanctions appear to have been imposed after a disciplinary hearing held at Mid-State, presumably held by a hearing officer from Mid-State based upon a perceived violation of the correspondence rules. Other than sending documents back to the facility, (and not acting under color of state law), this defendant did not appear to have anything to do with charging plaintiff with misbehavior or with any hearing that was held against him. In a due process analysis, the court first determines whether plaintiff had a protected liberty interest in remaining free from the confinement that he challenges and then determines whether the defendants deprived plaintiff of that liberty interest without due process. *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001); *Bedoya v. Coughlin*, 91 F.3d 349, 351 (2d Cir. 1996). If plaintiff believes that his hearing denied him due process, he would have to sue a defendant who acted under color of state law and would have to allege that there were due process violations involved in connection with the hearing. Finally, plaintiff's conclusory allegation that this defendant somehow "obstructed justice" by mailing documents back to the facility does not state a claim under section 1983 and to the extent plaintiff is attempting to state that this defendant engaged in some criminal obstruction of justice, he has no private right of action to enforce criminal statutes. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (conclusory allegations are insufficient to state a section 1983 claim). *See also Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (a private citizen lacks a judicially cognizable interest in the prosecution or nonprosceuciton of another, and plaintiff cannot bring a civil action to enforce criminal statutes).

7

Conn. April 20, 2010); *Cassidy v. Nicolo*, No. 03 Civ. 6603, 2005 WL 3334523, at *5 (W.D.N.Y. Dec. 7, 2005) (collecting cases). *See also Rzayeva v. United States*, 492 F. Supp. 2d 60, 83 (D. Conn. 2007) (enforcement of HIPAA is reserved exclusively to the Secretary of Health and Human Services).

### B. Application

Plaintiff claims that defendant Cavallo "violated" HIPAA by obtaining a subpoena from the state court judge after plaintiff refused to sign a waiver.[6] First, HIPAA applies to health care providers. Defendant Cavallo is not a health care provider and thus, HIPAA does not apply to her. In any event, plaintiff has no private right of action under HIPAA. Thus, plaintiff's HIPAA claims may be dismissed.

## V. Opportunity to Amend

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, the court finds that any attempt of the plaintiff to amend this complaint would be futile, and he would still be unable to state a federal claim against Attorney Cavallo.

The court would note that if plaintiff believes that the attorney representing his ex-wife conducted the litigation in a manner that is improper, plaintiff may apply to the court in which the action is pending for relief.[7]

---

[6] Plaintiff has submitted a copy of the subpoena, together with defendant Cavallo's cover-letter as exhibits to the complaint. (Dkt. No. 1-1 at CM/ECF pp. 40-44).

[7] As stated above, plaintiff has already requested sanctions against defendant Cavallo from the Grievance Committee in the Second Judicial Department. (Dkt. No. 1-1 at CM/ECF pp.8). The

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED** for purposes of this Order and Report-Recommendation only, and it is

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 2, 2016

*[signature]*

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

plaintiff's complaint was referred to the First Judicial Department on November 6, 2015, and plaintiff has been told that it might take some time for him to receive information on the status of the case. (Dkt. No. 1-1 at CM/ECF p.13).