UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SCOTT MYERS,

        **Plaintiff,**

v.                                          5:16-CV-0107 (BKS/ATB)

**CARRIE ANNE CAUALLO,** *Attorney,*

        **Defendant.**
_____

**APPEARANCES:**

Scott Myers
14-A-1568
Attica Correctional Facility
Box 149
Attica, NY 14011
Plaintiff, *pro se*

**Hon. Brenda K. Sannes, United States District Court Judge**

DECISION AND ORDER

I. Introduction

     Plaintiff Scott Myers, a New York State inmate, commenced this pro se civil rights action under 42 U.S.C. § 1983 on January 29, 2016. (Dkt. No. 1). Plaintiff's complaint and his motion for leave to proceed in forma pauperis (Dkt. No. 2) were referred to United States Magistrate Judge Andrew T. Baxter for review. (Dkt. No. 4). On February 2, 2016, Magistrate Judge Baxter issued an Order and Report-Recommendation, granting plaintiff's motion to proceed in forma pauperis for the purposes of the Order and Report-Recommendation, and recommending that plaintiff's complaint be dismissed in its entirety with prejudice under 28 U.S.C. §

1915(e)(2)(B)(ii) for failure to state a claim. (Dkt. No. 4, p. 9). Magistrate Judge Baxter advised plaintiff that the failure to object to the Report-Recommendation within fourteen days would preclude appellate review. (*Id.*). A copy of the Report-Recommendation was mailed to plaintiff via regular mail. On February 16, 2016, plaintiff filed a document entitled "Objections with Motion to convert to Civil Tort." (Dkt. No. 5).

## II. Standard of Review

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## III. Discussion

In his Report-Recommendation, Magistrate Judge Baxter concluded that the § 1983 complaint should be dismissed because the defendant private attorney, who allegedly obtained a judicial subpoena for plaintiff's medical records in violation of law,[1] did not act under color of state law, as required for a claim under § 1983. (Dkt. No. 4, pp. 6-7). Alternatively, Magistrate Judge Baxter concluded that plaintiff's HIPAA claim may be dismissed because plaintiff does not have a private right of action under HIPAA. (Dkt. No. 4, pp. 8-9). Plaintiff has not raised

---

[1] Plaintiff alleges that the defendant violated the Health Insurance Portability and Accountability Act ("HIPPA").

2

any specific objection to either of these determinations. (Dkt. No. 5). The Court has accordingly reviewed the Report-Recommendation for clear error, and found none.

Instead, plaintiff asks the Court to convert his action to a civil tort to "establish [ ] subject matter jurisdiction." (Dkt. No. 5, pp. 1, 6). Plaintiff notes that he seeks more than $75,000. (Dkt. No. 5, p. 6). Plaintiff is presumably referring to diversity jurisdiction under 28 U.S.C. § 1332(a), which applies when the matter in controversy exceeds $75,000 and the action is between citizens of different States. Even assuming, however, that plaintiff could state a viable civil tort claim against the defendant, there is no basis for diversity jurisdiction because plaintiff and the defendant are both citizens of New York State. *See* Dkt. No. 1, p. 1; 28 U.S.C. § 1332(a).

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 4) is **ADOPTED** in its entirety for the reasons stated therein; and it is further

**ORDERED** that Plaintiff's complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) (2) (B) (ii) for failure to state a claim; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on the plaintiff.

**IT IS SO ORDERED.**

Dated: March 9, 2016

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge